SHANE D. HILLMAN (8194)
NICOLE G. FARRELL (10130)
Parsons Behle & Latimer
One Utah Center
201 South Main Street, Suite 1800
Salt Lake City, UT  84111
Telephone: (801) 532-1234
Facsimile: (801) 536-6111
shillman@parsonsbehle.com
nfarrell@parsonsbehle.com
ecf@parsonsbehle.com
Attorneys for Jeffrey Clarke, Karel Louman and
Keri Clarke

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| IOWA TANKLINES, INC., a Nevada corporation,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>OEL OPERATING (USA), INC., a Texas corporation, and MARION ENERGY, INC., a Texas corporation, MARION ENERGY LIMITED, an Australian corporation, JEFFREY CLARKE, an individual, KAREL LOUMAN, an individual, KERI CLARKE, an individual, JOHN DOES I-X,<br><br>　　　　Defendants. | Case No.  2:12-cv-00006-DS<br><br>**DEFENDANTS JEFFREY CLARKE'S, KAREL LOUMAN'S AND KERI CLARKE'S ANSWER TO SECOND AMENDED COMPLAINT**<br><br>Judge David Sam |

## **FIRST DEFENSE**

Iowa Tanklines, Inc.'s ("ITL") Complaint fails to state a claim against defendants Jeffrey Clarke, Karel Louman and Keri Clarke (together, "Defendants") upon which relief may properly be granted.

4818-8384-0786.2

**SECOND DEFENSE**

Defendants deny all allegations contained in the Complaint unless specifically admitted below.  Defendants admit, deny or otherwise answer the specific numbered allegations of the Complaint as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Defendants lack sufficient information to admit or deny the allegations of paragraph 1 of the Complaint and therefore deny the same.

2. Defendants admit that OEL is a Texas Corporation, that it is registered to do business in the State of Utah and that it has a registered agent in the State of Utah.  Defendants further admit that OEL has a 30% working interest in certain oil and gas leases situated in or near Carbon County, Utah.  Defendants deny all remaining allegations and inferences contained in paragraph 2.

3. Defendants admit that Marion is a Texas Corporation, that it is registered to do business in the State of Utah and that it has a registered agent in the State of Utah.  Defendants deny all remaining allegations and inferences contained in paragraph 3.

4. Defendants admit that MEL is an Australian public corporation listed on the Australian Securities Exchange under the ticker MAE and that OEL and Marion are wholly owned subsidiaries of MEL.  Defendants deny all remaining allegations and inferences contained in paragraph 4.

5. Defendants admit that J. Clarke is a Texas resident who resides in Allen, Texas. Defendants admit that J. Clarke was, at relevant times, an officer and director of Marion and OEL and a non-executive director of MEL.  Defendants admit that Utah is the jurisdiction in

which Marion's underlying obligation to Plaintiff was incurred and that J. Clarke has traveled to Utah several times for business purposes. Defendants deny all remaining allegations and inferences contained in paragraph 5.

6. Defendants admit that Louman is a New York resident and, at relevant times, was an officer and director of MEL, Marion and OEL. Defendants admit that Louman has traveled to Utah several times for business purposes, including for purposes relating to Plaintiff's ongoing dispute with Marion. Defendants deny all remaining allegations and inferences contained in paragraph 6.

7. Defendants admit that K. Clarke is a Texas resident. Defendants admit that K. Clarke was, at relevant times, Marion's Vice-President of Land. Defendants admit that K. Clarke has traveled to Utah on a variety of occasions, has personally appeared before the Utah Board of Oil Gas and Mining and that he and J. Clarke are brothers. Defendants deny all remaining allegations and inferences contained in paragraph 7.

8. Defendants have insufficient information so as to form a belief as to the truth of the allegations contained in paragraph 8 and therefore deny the same.

9. Defendants admit that the amount in controversy exceeds the sum of $75,000.00, that defendants are citizens of different states than plaintiff and that this Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1332. Defendants deny all remaining allegations and inferences contained in paragraph 9.

10. The allegations contained in paragraph 10 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 10.

11. Admit.

12. Admit.

13. Defendants admit that a Stipulated Judgment was entered in favor of ITL and against Marion on or about January 5, 2011. The Stipulated Judgment and Settlement Agreement referenced in paragraph 13 speak for themselves. Defendants deny all remaining allegations and inferences contained in paragraph 13.

14. The Agreement referenced in paragraph 14 speaks for itself.

15. The allegations contained in paragraph 15 are legal conclusions for which no response is required.

16. Defendants admit that as of May 15, 2011, Marion had paid ITL $300,000.00. The remaining allegations contained in paragraph 16 are legal conclusions for which no response is required.

17. Defendants admit that Marion proposed that it and ITL enter into an amended settlement agreement that, among other things, provided for an extension of the payment schedule in exchange for an additional $25,000.00 cash payment to ITL. Defendants deny all remaining allegations and inferences contained in paragraph 17.

18. The Amended Agreement referenced in paragraph 18 speaks for itself.

19. Defendants admit that the parties entered into an Amended Agreement on or about May 20, 2011 and that plaintiff attached a copy of the Amended Agreement to the Second Amended Complaint. Defendants deny all remaining allegations and inferences contained in paragraph 19.

20.     Defendants admit that Marion made a payment to plaintiff, via a direct wire transfer to plaintiff from OEL, in the amount of $50,000.00 on or about May 20, 2011 and that no further payments were made after.  Defendants deny all remaining allegations and inferences contained in paragraph 20.

21.     The allegations contained in paragraph 15 are legal conclusions for which no response is required.

22.     Defendants admit that Marion has paid plaintiff $350,000.00.  The remaining allegations contained in paragraph 22 are legal conclusions for which no response is required.  To the extent that a response is required, Defendants deny the remaining allegations and inferences contained in paragraph 22.

23.     Defendants admit that ITL took the deposition of Karel Louman on October 11, 2011 and that ITL attached certain portions of the deposition transcript to its Complaint.  Defendants deny all remaining allegations and inferences contained in paragraph 23.

24.     Admit.

25.     The deposition testimony contained in paragraph 25 speaks for itself.  Defendants admit that Marion and OEL are wholly owned by MEL.  Defendants deny all remaining allegations and inferences contained in paragraph 25.

26.     Defendants admit that a balance sheet was produced to ITL prior to Mr. Louman's deposition.  Defendants deny all remaining allegations and inferences contained in paragraph 26.

27.     The balance sheet referenced in paragraph 27 speaks for itself.

28. The deposition testimony contained in paragraph 23 speaks for itself. To the extent a response is required, Defendants deny the allegations and inferences contained in paragraph 28.

29. The balance sheet referenced in paragraph 24 speaks for itself. To the extent a response is required, Defendants admit that the balance sheet lists an asset identified as "Unbilled JIB" in the amount of $5,334.42. Defendants deny the remaining allegations and inferences contained in paragraph 29.

30. Deny.

31. The deposition testimony contained in paragraph 31 speaks for itself. To the extent a response is required, Defendants deny the allegations and inferences contained in paragraph 31.

32. Deny.

33. Deny.

34. Admit.

35. Deny.

36. Defendants admit that plaintiff has attached copies of certain bank statements to the Second Amended Complaint. Defendants deny the remaining allegations and inferences contained in paragraph 36

37. Admit.

38. Deny.

39. Deny.

40. Admit.

41. Deny.

42. Deny.

43. Admit.

44. Deny.

45. Deny.

46. Deny.

47. Deny.

48. Deny.

49. Deny.

50. Defendants admit that, from January 21, 2011 through May 13, 2011, Marion paid, in the ordinary course of business, J. Clarke a total of $73,421.09 in compensation properly then due and owing on the dates indicated in paragraph 50.  Defendants deny the remaining allegations and inferences contained in paragraph 50.

51. Defendants admit that, from January 21, 2011 through May 13, 2011, Marion, through OEL, paid, in the ordinary course of business, J. Clarke a total of $7,640.00, in compensation properly then due and owing on the dates indicated in paragraph 51.  Defendants deny the remaining allegations and inferences contained in paragraph 51.

52. Defendants admit that Marion, through OEL, made, in the ordinary course of business, additional compensation payments that were then due and owing to J. Clarke from January 1, 2011 through the present.  Defendants deny the remaining allegations and inferences contained in paragraph 52.

53. Defendants admit that Marion paid, in the ordinary course of business, Louman $10,141.89 in compensation properly then due and owing on May 31, 2011. Defendants deny the remaining allegations and inferences contained in paragraph 53.

54. Defendants admit that, from January 1, 2011 through January 1, 2012, Marion, through OEL, paid, in the ordinary course of business, Louman a total of $8,300.00, in compensation properly then due and owing on the dates indicated in paragraph 54. Defendants deny the remaining allegations and inferences contained in paragraph 54.

55. Defendants admit that Marion, through OEL, made, in the ordinary course of business, additional compensation payments that were then due and owing to Louman from January 1, 2011 through the present. Defendants deny the remaining allegations and inferences contained in paragraph 55.

56. Defendants admit that, from January 21, 2011 through January 1, 2012, Marion paid, in the ordinary course of business, L. Clarke a total of $65,025.94 in compensation properly then due and owing on the dates indicated in paragraph 56. Defendants deny the remaining allegations and inferences contained in paragraph 50.

57. Defendants admit that Marion, through OEL, paid, in the ordinary course of business, K. Clarke a total $7,712.76, in compensation properly then due and owing on May 13, 2011. Defendants deny the remaining allegations and inferences contained in paragraph 54.

58. Defendants admit that Marion, through OEL, made, in the ordinary course of business, additional compensation payments that were then due and owing to K. Clarke from January 1, 2011 through the present. Defendants deny the remaining allegations and inferences contained in paragraph 58.

## FIRST CLAIM FOR RELIEF
(Fraudulent Transfers-Against Marion, OEL, J. Clarke, Louman, K. Clarke)

59. Defendants incorporate by reference its responses to the allegations contained in paragraphs 1 through 58 of the Complaint, as if fully set forth herein.

60. Admit.

61. The allegations contained in paragraph 61 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 61.

62. Admit.

63. Deny.

64. Deny.

65. Deny.

66. Deny.

67. Admit.

68. Deny.

69. The deposition testimony referenced in paragraph 69 speaks for itself.

70. Deny.

71. Deny.

72. Deny.

73. Deny.

74. The allegations contained in paragraph 74 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 74.

75. The allegations contained in paragraph 75 are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 75.

76. Deny.

77. The allegations contained in paragraph 77 are legal conclusions for which no response is required. To the extent a response is required, Defendants admit that the payments made by Marion were made in the ordinary course of business to satisfy, in part, current debts and/or obligations owed to Defendants. Defendants deny the remaining allegations and inferences contained in paragraph 77.

78. Deny.

79. Deny.

80. Deny.

81. Defendants admit that, from January 21, 2011 through May 13, 2011, Marion paid, in the ordinary course of business, J. Clarke a total of $73,421.09 in compensation properly then due and owing on the dates indicated in paragraph 50. Defendants deny the remaining allegations and inferences contained in paragraph 81.

82. Defendants admit that, from January 21, 2011 through May 13, 2011, Marion, through OEL, paid, in the ordinary course of business, J. Clarke a total of $7,640.00, in compensation properly then due and owing on the dates indicated in paragraph 51. Defendants deny the remaining allegations and inferences contained in paragraph 82.

83. Defendants admit that Marion, through OEL, made, in the ordinary course of business, additional compensation payments that were then due and owing to J. Clarke from

January 1, 2011 through the present. Defendants deny the remaining allegations and inferences contained in paragraph 83.

84. Deny.

85. Defendants admit that Marion paid, in the ordinary course of business, Louman $10,141.89 in compensation properly then due and owing on May 31, 2011. Defendants deny the remaining allegations and inferences contained in paragraph 85.

86. Defendants admit that, from January 1, 2011 through January 1, 2012, Marion, through OEL, paid, in the ordinary course of business, Louman a total of $8,300.00, in compensation properly then due and owing on the dates indicated in paragraph 54. Defendants deny the remaining allegations and inferences contained in paragraph 86.

87. Defendants admit that Marion, through OEL, made, in the ordinary course of business, additional compensation payments that were then due and owing to Louman from January 1, 2011 through the present. Defendants deny the remaining allegations and inferences contained in paragraph 87.

88. Deny.

89. Defendants admit that, from January 21, 2011 through January 1, 2012, Marion paid, in the ordinary course of business, L. Clarke a total of $65,025.94 in compensation properly then due and owing on the dates indicated in paragraph 56. Defendants deny the remaining allegations and inferences contained in paragraph 89.

90. Defendants admit that Marion, through OEL, paid, in the ordinary course of business, K. Clarke a total $7,712.76, in compensation properly then due and owing on May 13, 2011. Defendants deny the remaining allegations and inferences contained in paragraph 90.

91. Defendants admit that Marion, through OEL, made, in the ordinary course of business, additional compensation payments that were then due and owing to K. Clarke from January 1, 2011 through the present. Defendants deny the remaining allegations and inferences contained in paragraph 91.

92. Deny.

## SECOND CLAIM FOR RELIEF
(Alter Ego)

93. Defendants incorporate by reference its responses to the allegations contained in paragraphs 1 through 92 of the Complaint, as if fully set forth herein.

94. Deny.

95. Defendants admit that Marion Energy Inc. did not receive payment from OEL. Defendants deny the remaining allegations and inferences contained in paragraph 95.

96. Deny.

97. Admit.

98. Admit.

99. Admit.

100. Admit.

101. Deny.

102. Deny.

103. Deny.

104. Deny.

105. Deny.

## SECOND CLAIM FOR RELIEF
(Alter Ego-Against Marion and MEL)

106. Defendants incorporate by reference its responses to the allegations contained in paragraphs 1 through 105 of the Complaint, as if fully set forth herein.

107. Admit.

108. Admit.

109. Deny.

110. Deny.

111. Deny.

112. Deny.

113. Admit.

114. Deny.

115. Deny.

## THIRD DEFENSE

ITL's claims are barred, in whole or in part, to the extent that it lacks standing to pursue the alleged claims and/or recover the damages and/or relief that it seeks. Specifically, ITL has actual knowledge that a third party, PF Energy Investments, has a superior secured interest in the assets of Marion and/or OEL, including their financial accounts, which trumps any claim that ITL may purportedly have with respect to the "funds" in question.

## FOURTH DEFENSE

ITL's claims are barred, in whole or in part, to the extent that any alleged transfers were taken in good faith and for reasonably equivalent value.

**FIFTH DEFENSE**

ITL's claims are barred, in whole or in part, to the extent that new value was given to or for the benefit of Marion Energy Inc. and/or OEL Operating (USA) Inc. in exchange for alleged transfers

**SIXTH DEFENSE**

ITL's claims are barred, in whole or in part, to the extent that any alleged transfers were made in the ordinary course of business of financial affairs of Marion Energy Inc. and/or OEL Operating (USA) Inc. and Defendants.

**SEVENTH DEFENSE**

ITL's claims are barred, in whole or in part, to the extent that any alleged transfers were made in good faith efforts to rehabilitate Marion Energy Inc. and/or OEL Operating (USA) Inc. and the transfers secured present value given for that purpose.

WHEREFORE, Defendants pray that ITL's Complaint be dismissed with prejudice and that ITL take nothing thereby and that Defendants be awarded their reasonable attorney fees and costs, as well as such other and further relief as the Court deems just and proper under the circumstances.

DATED this 27th day of February 2012.

/s/ Shane D. Hillman
SHANE D. HILLMAN
NICOLE G. FARRELL
PARSONS BEHLE & LATIMER
Attorneys for Jeffrey Clarke, Karel Louman and Keri Clarke